UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Joseph Jackson, 05−B−1287,

                              Plaintiff,

     v.

M. Stack,

                              Defendant.

**Report and Recommendation
and
Decision and Order**

16-CV-1041A

---

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Joseph Jackson ("Jackson") is a New York state inmate who currently is housed at Bare Hill Correctional Facility but was housed at Attica Correctional Facility in 2016. According to the complaint (Dkt. No. 1), filed *pro se*, Jackson had several encounters with defendant Michael Stack in 2016 that led to administrative grievances and this lawsuit. The encounters seemed to concern two issues: visitors who would come to see Jackson; and Jackson's desire for "a shower after I was done working, sweeping and mopping the halls and taking out trash which is unsanitary." (*Id.* at 5; *see also* Dkt. No. 30 at 41, 48–52 (summary of grievances over work showers).) Following initial screening, the sole claim that survived was a First Amendment retaliation claim against defendant; the alleged retaliation consisted of the denial of work showers, the denial of phone calls, and the filing of "false grievances." (Dkt. No. 6.)[1]

The parties currently have five motions pending, with a range of requests including summary judgment, depositions by telephone, and revocation of *in forma pauperis* ("IFP") status. (Dkt. Nos. 16, 20, 22, 31, 35.) District Judge Richard J. Arcara has referred this case to this Court under 28

---

[1] For the sake of the record, the Court notes that the screening order gave Jackson the opportunity to revive some of his claims through an amended complaint. The docket does not show that Jackson elected to file an amended complaint.

U.S.C. § 636(b).  (Dkt. No. 9.)  The Court has deemed the pending motions submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure.  For the sake of brevity, the Court presumes familiarity with the docket and will provide additional background only as needed when discussing each motion below.

II. **DISCUSSION**

   **A. *Jackson's Motion for Summary Judgment (Dkt. No. 16) (Dispositive)***

Jackson's motion papers contain a statement at the beginning that summarizes his view of the case and why he feels entitled to summary judgment:

> The genuine issue in this case is that plaintiff wrote grievances on the defendant M. Stack, who was his boss at the time of the incidents, about being denied work showers after cleaning unsanitary places and being denied a courtesy visiting shower after being harassed about his visits . . . , and in retaliation of plaintiff writing grievances on defendant M. Stack.  Defendant Stack in retaliation of plaintiff writing grievances against him fired plaintiff and wrote 2 inmate counseling notifications against him.

(Dkt. No. 16 at 2–3.)  Jackson then takes time to review attached documentation relating to certain grievances that he filed over the shower issue.  Jackson concludes with a request for punitive and compensatory damages along with "an injunction posting a memorandum (in Attica Correctional Facility) stating B-Block porters' entitlement to showers after work and [the] gallery phone if they miss recreation because they had to work, expunge the plaintiff's removal for poor performance off of his record, and move plaintiff to Collins Correctional Facility immediately."  (*Id.* at 7–8.)

Jackson's motion is the second time that he has sought summary judgment months before the deadline for dispositive motions.  Under the current scheduling order, issued on February 26, 2018, the parties do not have to complete discovery until December 7, 2018 and do not have to file dispositive motions until February 20, 2019.  (Dkt. No. 10.)  Nonetheless, and with discovery almost certainly not fully developed, Jackson filed a motion for summary judgment on May 14, 2018.  (Dkt.

2

No. 14.) This Court denied the motion as a non-dispositive motion because, while ostensibly seeking summary judgment, it also sought a trial date and appointment of counsel. (Dkt. No. 15.) The Court reminded Jackson that "[d]iscovery in this case is in its earliest stages and will not end until December." (*Id.*) Less than a month later, Jackson filed the pending motion for summary judgment—and judgment for the whole case, not for any discrete issue. The Court recognizes that Rule 56(b) does not prohibit early summary-judgment motions unless "the court orders otherwise." Fed. R. Civ. P. 56(b). Jackson might have had an argument that he was simply filing an early motion under Rule 56(b) had he asserted that he had received all the discovery that he would need in the case. Jackson, however, undermined any possible argument when he filed a motion for additional discovery just 17 days after the pending motion for summary judgment, on June 28, 2018. (Dkt. No. 18.) Just 11 days after that, on July 9, 2018, Jackson filed a motion to take a deposition by telephone (Dkt. No. 20), a pending motion that the Court will address below. Quite frankly, the Court does not know what to make of Jackson's rapid self-contradictions, apart from concluding that the case is not ready for a full adjudication of dispositive motions. Both sides still want discovery, the discovery deadline has not yet passed, and defendant should have "the opportunity to discover information that is essential" to opposing any eventual dispositive motion from Jackson. *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (internal quotation marks and citations omitted); *see also Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") (citations omitted); *Byrd v. Grove St. Mgmt. Corp.*, No. 6:16-CV-6017(MAT), 2016 WL 6663006, at *2 (W.D.N.Y. Nov. 11, 2016) ("The Second Circuit has emphasized that it is only in the rarest of cases that summary judgment may be entered against a party who has not been afforded the opportunity to conduct discovery.") (internal quotation and editorial marks and citation

omitted). In fact, defendant just recently gave notice of the deposition of Jackson that will occur later this month. (Dkt. No. 36.)

Under these circumstances, and mindful of Jackson's *pro se* status, the Court will give Jackson one more chance to wait for the appropriate deadlines, but with a warning. The Court recommends denying Jackson's motion without prejudice as premature. If Jackson thinks that he has a sincere argument for summary judgment then he may try again sometime after December 7, 2018 but no later than February 20, 2019, in accordance with the scheduling order. Jackson is hereby cautioned, however, about filing any motion papers going forward that could be considered submissions in bad faith. "If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result." Fed. R. Civ. P. 56(h).

### B. *Jackson's Motion for a Deposition (Dkt. No. 20) (Non-dispositive)*

On July 9, 2018, Jackson filed a motion under Rule 30(a)(2) and (b)(4) to take defendant's deposition by telephone.[2] The entire motion consists of two pages in which Jackson describes the means by which the deposition will occur. Defendant opposes the motion for several reasons. Given that Jackson filed two motions for summary judgment days and weeks earlier, "plaintiff cannot have it both ways." (Dkt. No. 24 at 2.) Defendant raises questions about Rule 26 initial disclosures; since defendant's filing, the docket reflects that Jackson neither filed initial disclosures nor asserted that he had no disclosures to make. Defendant objects that Jackson has not shown the need for a deposition given that he has used some discovery tools, like a Notice to Produce and a

---

[2] Jackson actually cites "Rule 30(b)(7)," but the current version of the Rule 30(b) stops at subsection 6.

Notice to Admit, and has others available to him. Finally, defendant notes the security and other logistical challenges to a deposition conducted by an inmate. (*Id.* at 3–4.)

Defendant has the better argument here. Technically, nothing in Rule 30 prohibits inmates from taking oral depositions simply because they are inmates. Nonetheless, depositions taken by inmates "pose logistical issues, especially if these litigants are proceeding as poor persons. The costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of setting up the recording) is usually borne by the party taking the deposition, even when that party is proceeding *pro se* and granted *in forma pauperis* status. This Court has no funds to pay these costs and the fact that the plaintiff may not have the funds does not provide a basis to shift these costs to the defense." *Nowlin v. Lusk*, No. 11CV712S, 2014 WL 298155, at *9 (W.D.N.Y. Jan. 28, 2014) (citations omitted). "Given these logistical and financial realities, many incarcerated *pro se* plaintiffs utilize other devices such as interrogatories, deposition by written, questions, or requests for admissions to obtain needed discovery." *Read v. Kwiatkowski*, No. 15-CV-6475, 2017 WL 1180953, at *1 (W.D.N.Y. Mar. 29, 2017) (citations omitted). Here, the docket does not indicate that Jackson has tried to make use of interrogatories or of depositions on written questions. Jackson also has not completed initial disclosures. From the tools that Jackson has used, defendant has good reason to be concerned that an oral deposition would focus on irrelevant questions. (*See* Dkt. No. 24 at 5.) Jackson further has not confirmed that he would have the means to pay for the costs of an oral deposition. Under these circumstances, and with the discovery deadline just weeks away, the Court finds that Jackson had enough time and discovery tools at his disposal to pursue his case. Jackson has not demonstrated that the logistical challenges of an oral deposition would be worthwhile here. The Court thus denies Jackson's motion.

### C. Defendant's Motion to Revoke IFP Status (Dkt. No. 22) (Dispositive)

On July 13, 2018, defendant filed a motion to revoke Jackson's IFP status. As far as the Court can tell, defendant is not arguing that Jackson's IFP application of February 13, 2017 (Dkt. No. 4) contained any intentional or unintentional inaccuracies. Rather, defendant seems to be arguing that Jackson no longer needs IFP status because of a settlement that he received in another case. Because of that settlement, "[a]s of July 12, 2018, plaintiff had a balance of $6,818.72 remaining in his account. Consequently, plaintiff's financial status has changed and the financial representations in his application for IFP status, Dkt. # 4, are no longer true." (Dkt. No. 22-1 at 2–3.) Jackson responds that defendant's motion is moot because he paid the initial filing fee after his settlement and effectively volunteered to give up IFP status. (Dkt. No. 29.)

Jackson is right. The docket notes the payment of the initial filing fee on August 10, 2018. In the event of an appeal at the end of this case, Jackson can decide whether to pursue IFP status again. For now, though, the Court going forward will regard Jackson as no longer in IFP status by his own accord. Consequently, the Court denies defendant's motion without prejudice as moot.[3]

### D. Jackson's Motion to Compel (Dkt. No. 31) (Non-dispositive)

On September 10, 2018, Jackson filed a motion to compel inspection of "all letters written to the program committee at Attica Correctional Facility in the year 2016" and "a copy of both

---

[3] The mootness of this motion creates an interesting procedural quirk. Motions for IFP status are non-dispositive if granted but dispositive if denied. *See Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam); *accord Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished decision); *Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010) (Leval, J., concurring). By inference, motions to revoke IFP status—a sort of retroactive denial—also are dispositive. *See Bernier v. Koenigsmann*, No. 15-CV-209A, 2017 WL 603217, at *2 (W.D.N.Y. Feb. 15, 2017), *report and recommendation adopted sub nom. Bernier v. Sweet*, No. 15-CV-209A, 2018 WL 1827660, at *1 (W.D.N.Y. Apr. 17, 2018). The rationale is that a motion to deny (or to revoke) IFP status "is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority" to "hear and determine" dismissals under 28 U.S.C. § 636(b)(1)(A). *Woods*, 894 F.2d at 187. Mootness, however, means that there is no pretrial matter to hear and to determine. This Court thus has the authority to deny the motion outright, without the need for a recommendation, under the peculiar circumstances that have developed.

counsel notifications written by defendant M. Stack against plaintiff in the year 2016." (Dkt. No. 31 at 1.) Defendant responds that Jackson filed a motion to compel once before; that Jackson has been provided with the most legible copies of responsive documents that are available; and that Jackson is pressing for letters that simply do not exist. (Dkt. No. 34.) After reviewing defendant's Rule 26 disclosures and other discovery responses already in the docket, the Court finds that defendant adequately has responded to the pending requests and others. (Dkt. Nos. 11, 25, 30.) The Court thus denies Jackson's motion.

### E. Jackson's Motion for a Settlement Conference (Dkt. No. 35) (Non-dispositive)

Finally, on September 28, 2018, Jackson filed a motion for a settlement conference. The Court denies this motion without prejudice. Discovery will end in a few weeks. Dispositive motions will be due on February 20, 2019. A status conference already is scheduled one week later, for February 27, 2019. The February status conference will be adequate to address any initial discussions of settlement that might be appropriate. More serious discussions about settlement can wait until dispositive motions are resolved.

## III. CONCLUSION

For the foregoing reasons, the Court recommends denying without prejudice Jackson's motion for summary judgment (Dkt. No. 16). The Court denies Jackson's other motions (Dkt. Nos. 20, 31, 35) and defendant's motion (Dkt. No. 22) as explained above.

## IV. OBJECTIONS

A copy of this combined Report and Recommendation and Decision and Order will be sent to counsel for defendant by electronic filing on the date below. Plaintiff will be sent a hard copy of this writing by first-class mail to the address that he has on file as of the date below. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). With respect to Jackson's motion for summary judgment, any objections must be filed electronically with the Clerk of the Court through the CM/ECF system.

"As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted). "Where a party only raises general objections, a district court need only satisfy itself there is no clear error on the face of the record. Indeed, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review. Such objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009) (internal quotation and editorial marks and citations omitted).

SO ORDERED.

                                                  __/s Hugh B. Scott_____
                                                  Hon. Hugh B. Scott
                                                  United States Magistrate Judge

DATED: November 20, 2018